UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THOMAS MILLER AND<br>DAWN MILLER<br><br>　　Plaintiffs,<br><br>v.<br><br>MERIDIAN SECURITY INSURANCE<br>COMPANY,<br><br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:23-cv-419 |

### DEFENDANT MERIDIAN SECURITY INSURANCE
### COMPANY'S NOTICE OF REMOVAL

Defendant Meridian Security Insurance Company ("Meridian") respectfully petitions this Court for removal of the above-entitled action to the United States District Court for the Northern District of Texas from the District Court of Tarrant County, Texas, and for its Notice of Removal states:

### I.
### REMOVAL JURISDICTION

1. Under 28 U.S.C § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant(s), to the district court of the United States for the district and division embracing the place where such action is pending."

2. This action, entitled *Thomas and Dawn Miller v. Meridian Security Insurance Company,* pending in the 96th District Court of Tarrant County, Texas, Cause No. 096-341225-23, was commenced against Meridian via the filing of Plaintiffs' Original Petition (the "Petition")

on March 28, 2023. *See* **Exhibit A**, Index of Documents Filed in State Court, with the attached Petition.

3. Meridian was served on March 31, 2023. Accordingly, this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4. Plaintiffs Thomas Miller and Dawn Miller are individuals domiciled in Tarrant County, Texas, and are citizens of Texas.

5. Meridian is a company organized under the laws of the State of Indiana, with its principal place of business in Carmel, Indiana. For diversity purposes, Meridian is a citizen of Indiana.

6. Plaintiffs allege causes of action against Meridian for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act. *See* Ex. A-1, ¶¶ 14-44.

7. Accordingly, removal is proper because there is complete diversity between the named parties under 28 U.S.C. § 1332.

## II.
## AMOUNT IN CONTROVERSY

8. This is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiffs have pled that they seek monetary relief over $250,000 but less than $1,000,000.  *See* Ex. A-2, ¶ 4. Plaintiffs additionally claim actual damages alone of $195,000.00.  *See* Plaintiffs' March 28, 2023 DTPA & 542A Notice and Demand Letters attached as Exhibit B, p. 4.  Plaintiffs further request consequential damages, statutory damages, treble damages, exemplary damages, and mental-anguish damages, in addition to their claimed actual damages of $195,000.00.  *See* Ex. A-2, ¶ X. Plaintiffs further request attorney's fees.  *See Id*. Treble damages and attorneys' fees are included within the amount in controversy when a

plaintiff is permitted to recover those damages and fees under applicable law. *See Quality Labels & Packaging, Inc. v. Wells Fargo Bank, N.A.*, No. 1:19CV210, 2019 U.S. Dist. LEXIS 113424, at *7 (M.D.N.C. July 9, 2019); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Circuit 1998).

9. Thus, because Plaintiffs' alleged actual damages are in excess of $75,000.00, exclusive of interest and costs, and because Plaintiffs could potentially recover both treble damages and their attorney's fees under the law, it is apparent that the damages sought by Plaintiffs are greater than $75,000.00, exclusive of interest and costs. Although Meridian disputes liability and damages, it is evident from the pleading that Plaintiff alleges claims for monetary relief that, if granted, would exceed $75,000.00, exclusive of interest and costs. Therefore, the amount in controversy requirement is satisfied. *See* 28 U.S.C. ¶ 1332 (a).

### III.
### ATTACHMENTS

10. In accordance with 28 U.S.C. § 1446(a) and L.R. 81.1, the following are attached to this notice:

- An index of all documents filed in the state court that clearly identifies each document and indicates the date the document was filed (*see* Exhibit A);
- A completed cover sheet;
- A supplemental cover sheet;
- A copy of the docket sheet in the state court action;
- Each document filed in the state court action filed as a separate attachment; and
- A separately signed certificate of interested persons.

### IV.
### NOTICE TO STATE COURT

11. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will promptly be given to all parties and to the clerk of the District Court of Tarrant County, Texas.

12. Pursuant to Federal Rule of Civil Procedure 38, Meridian demands a trial by jury.

# V.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Meridian Security Insurance Company respectfully gives notice that this state court action has been removed and placed on this Court's docket for further proceedings. Meridian Security Insurance Company further requests any additional relief to which it may be justly entitled.

Respectfully submitted,

/s/Kieran W. Leary
**Kieran W. Leary**
Texas State Bar No. 24108517
kieranl@tbmmlaw.com
**Omar Galicia**
Texas State Bar No. 24012667
omarg@tbmmlaw.com
**Grant P. Martin**
Texas State Bar No. 24102145
grantm@tbmmlaw.com

**TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP**
2811 McKinney Avenue, Suite 250
Dallas, TX 75204
(214) 665-0100 – Telephone
(214) 665-0199 – Facsimile

**ATTORNEYS FOR DEFENDANT MERIDIAN SECURITY INSURANCE COMPANY**

# CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing document was electronically filed and duly served upon all parties entitled to receive notice via the Court's CM/ECF Court Filing System this 27th day of April, 2023.

/s/Kieran W. Leary
Kieran W. Leary